**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: ________________

Cable Television Laboratories, Inc., a Delaware corporation,

Plaintiff,

v.

Buckeye Cablevision, Inc., an Ohio corporation,

Defendant.

---

**COMPLAINT**

---

Cable Television Laboratories, Inc. ("CableLabs"), by its attorneys, alleges the following as its complaint against Buckeye Cablevision, Inc. ("Buckeye").

**The Parties**

1. Plaintiff CableLabs is a non-profit membership corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 858 Coal Creek Circle, Louisville, Colorado.

2. CableLabs conducts and sponsors research and development with respect to new and existing technologies on behalf of its members for the benefit of operators of cable-based communication systems. CableLabs gathers, assesses and disseminates technical information of strategic importance to the cable television industry; it identifies, plans, engages in and funds the development of new technologies for the benefit of the industry; it transfers such technologies to the industry through reports, seminars,

workshops, licenses, loans of personnel and other appropriate means; and it generally undertakes research and development activity in furtherance of each of the foregoing.

3. Defendant Buckeye is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 2700 Oregon Road, Northwood Ohio.

4. Buckeye provides broadband communication services, pay television, telephony services, proprietary content and advertising services to residential and business customers in the State of Ohio.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1), because CableLabs and Buckeye are citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Buckeye has transacted business within the State of Colorado, and CableLabs' claims against Buckeye are related to and arise out of Buckeye's contacts with the State of Colorado. This Court therefore has jurisdiction over Buckeye pursuant to Colorado Revised Statute § 13-1-124(a).

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2), because Buckeye resides within the District of Colorado and a substantial part of the events or omissions giving rise to CableLabs claims occurred within the District of Colorado.

**The Buckeye Subscription Agreement**

8. On or about June 3, 1992, Buckeye entered into a subscription agreement with CableLabs, a copy of which is attached hereto as **Exhibit A** (the "Subscription Agreement").

9. Under the Subscription Agreement, Buckeye became a member of CableLabs, acknowledged receipt of a copy of CableLabs' Certificate of Incorporation and Bylaws, and agreed:

a. to comply with and be bound by the terms and conditions contained in CableLabs' Certificate of Incorporation and Bylaws as the same might be amended from time to time;

b. to pay such dues as may be specified in Section 4.1 of CableLabs' Bylaws, as such dues may be adjusted from time to time by CableLabs' Board of Directors in accordance with the terms of the Bylaws, as the same may be amended from time to time;

c. to remain a member of CableLabs for a period of not fewer than three years from Buckeye's admission as a member;

d. that the Subscription Agreement shall not be terminated by Buckeye upon fewer than three years written notice to CableLabs; and

e. to indemnify CableLabs for any damages, losses, collection expenses (including reasonable attorneys' fees), claims or costs suffered or incurred by CableLabs caused by or arising out of the breach or nonfulfillment of Buckeye's obligation to pay membership dues to CableLabs.

10. On or about April 16, 1997, in consideration of a dues rebate from CableLabs, Buckeye confirmed in writing:

a. that the Subscription Agreement remains in full force and effect;

b. Buckeye's agreement to pay the dues, less any applicable credit or rebate, assessed to it as a member of CableLabs, for so long as Buckeye remains a member of CableLabs; and

c. that the Subscription Agreement shall not be terminated by Buckeye upon fewer than three years written notice.

A copy of Buckeye's Membership Confirmation is attached hereto as **Exhibit B**.

**Buckeye's Membership Dues Obligation**

11. CableLabs' bylaws, as amended and restated as of March 2, 2017, contain the following provisions relating to membership dues:

ARTICLE 4 - DUES

> 4.1 Amount. Members shall pay dues to the corporation quarterly and in such amounts as the Board of Directors may from time to time determine. The initial level of dues shall be equal to $.02 per subscriber per Member per month. The Board of Directors may adjust the amount of dues for Members, or may establish different levels of dues for different classes of Members. The Board of Directors may establish such procedures as it may deem appropriate to determine the number of subscribers of each Member.
>
> 4.2 Payment. The corporation shall issue each Member an initial statement for dues in the applicable amount no more than 30 days after a Member commences membership in the corporation and may issue subsequent statements as it may deem appropriate. All quarterly dues shall be payable in full no later than the 15th day of the first month of each fiscal quarter. Any Member may pay dues less frequently than quarterly provided that such Member shall deliver to the

> Treasurer of the corporation a written statement of such intent and provided that such Member shall pay any such dues in advance.
>
> 4.3 Default and Suspension. All rights, powers and privileges as a Member of the corporation of any Member which fails to pay its quarterly dues by the 15th day of the first month of each fiscal quarter shall be automatically and immediately suspended until such amount is paid in full, at which time such Member shall be automatically and immediately reinstated. Notwithstanding the continuance of such suspension, such Member shall remain liable for the payment of all amounts in respect of dues otherwise accruing and/or becoming payable by such Member during such suspension period. In addition, such Member shall indemnify the corporation against any and all damages, losses, collection expenses (including reasonable attorneys' fees), costs or claims suffered as incurred by the corporation arising out of the collection by the corporation of any delinquent dues.
>
> 4.4 No Assessments. No assessments other than quarterly dues will be made by the corporation upon Members.

12. On March 2, 2016, CableLabs' Board of Directors revised the formula by which quarterly dues for CableLabs members are calculated. The Board determined that for 2018, membership dues for each U.S. member would be 0.05157% (5.157 one-hundredths of one percent) of the Cable Revenue of the member and the member's Affiliates for the previous quarter, with "Cable Revenue" defined as all revenues derived from the provision of services to residential and commercial customers and "Affiliates" defined as all entities that control or are controlled by, or are under common control with, the member.

13. Buckeye's membership dues for the second quarter of 2018 became due and payable May 1, 2018 and remain unpaid despite demand made by CableLabs.

14. Buckeye's membership dues for the third quarter of 2018 became due and payable August 15, 2018 and remain unpaid despite demand made by CableLabs.

15. Buckeye's membership dues for the fourth quarter of 2018 became due November 1, 2018 and remain unpaid despite demand made by CableLabs.

16. The amount of Buckeye's delinquent membership dues exceeds the sum or value of $75,000, exclusive of interest and costs.

**Buckeye's Notice of Termination**

17. On January 15, 2018, a representative of Buckeye notified CableLabs of Buckeye's intention to terminate its membership in CableLabs. Under the Subscription Agreement, Buckeye will remain a member of CableLabs through January 14, 2021 and is responsible to pay membership dues during the remainder of its membership term.

## FIRST CLAIM FOR RELIEF
## (Breach of Contract)

18. CableLabs repeats and incorporates by reference the allegations set forth in paragraphs 1 through 17 above.

19. Buckeye has breached the Subscription Agreement by virtue of its failure and refusal to pay membership dues to CableLabs.

## PRAYER FOR RELIEF

WHEREFORE, CableLabs prays that the Court enter the following relief in its favor:

1. The entry of judgment in favor of CableLabs and against Buckeye in the amount of delinquent membership dues owed by Buckeye under the Subscription Agreement for the first, second and third quarters of 2018; and

2. The entry of judgment in favor of CableLabs and against Buckeye in the amount of such additional membership dues as are delinquent as of the date judgment is entered;

3. The entry of judgment in favor of CableLabs and against Buckeye in the amount of collection expenses, including reasonable attorneys' fees, incurred by CableLabs and caused by or arising out of the breach or nonfulfillment of Buckeye's obligation to pay membership dues to CableLabs under the Subscription Agreement; and

4. Such other and further relief as the Court shall deem to be just and equitable under the circumstances.

SHERMAN & HOWARD, LLC

/s/ Robert E. Youle
Robert E. Youle
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 299-8452
ryoule@shermanhoward.com

Attorneys for Plaintiff
Cable Television Laboratories, Inc.